*E-Filed 6/23/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE WEAVER,<br><br>     Plaintiff,<br><br>     v.<br><br>BREAKFAST EGG, et al.,<br><br>     Defendants. | No. C 14-0732 RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This federal civil rights action was dismissed because plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). Plaintiff since has filed an IFP application. Consequently, the action is REOPENED, and the Clerk is directed to amend the docket accordingly. The judgment (Docket No. 4) and the order of dismissal (Docket No. 3) are VACATED. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before August 1, 2014.

## DISCUSSION

**A.   Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff claims that on February 7, 2014 he received a cold breakfast and an uncooked egg. The complaint will be dismissed with leave to amend for the following reasons. First, he has not established liability because he fails to name who was responsible for the preparation of his food. Second, contrary to his contentions, his allegations do not state a claim for deliberate indifference. To state a claim for deliberate indifference, a prisoner-plaintiff must allege specific facts indicating that a prison official knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before August 1, 2014. The first amended complaint must include the caption and civil case number used in this order (14-0732 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

1    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
2 informed of any change of address by filing a separate paper with the clerk headed "Notice of
3 Change of Address."  He must comply with the Court's orders in a timely fashion or ask for
4 an extension of time to do so.  Failure to comply may result in the dismissal of this action
5 pursuant to Federal Rule of Civil Procedure 41(b).

6    **IT IS SO ORDERED**.

7 DATED:  June 23, 2014

_____
RICHARD SEEBORG
United States District Judge